UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLOYD WILLIAM KINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-CV-521-FHM |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff, Floyd William Kinney, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Floyd William Kinney's applications were denied initially and upon reconsideration. A video hearing before an Administrative Law Judge (ALJ) John W. Belcher was held on May 23, 2014. By decision dated September 22, 2014, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 7, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 49 years old on the alleged date of onset of disability and 51 on the date of the denial decision. Plaintiff completed 10th grade and past work experience includes semi-truck driver. Plaintiff claims to have become disabled as of January 28, 2012 due to heart attack, diabetes, hypertension, depression, and chronic obstructive pulmonary disease (COPD). [R. 321].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to myocardial infarction; COPD; diabetes mellitus with neuropathy; hypertension; affective disorder; and anxiety disorder. [R. 15]. The ALJ determined that Plaintiff has the residual functional capacity to perform a range of light work with normal breaks. Plaintiff can occasionally climb, balance, bend or stoop, kneel, crouch, or crawl. Plaintiff should avoid work environments where he

would be exposed to extreme temperatures; concentrations of dust, fumes, gases, and poor ventilation; or wetness and humidity.  He can do simple repetitive tasks and moderately complex tasks allowing semi-skilled work with superficial contact with co-workers, supervisors, and the public.  [R. 23].

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to give greater weight to the expert medical opinion of Nurse Practitioner Gina Francisco, A.P.R.N. - C.N.P., which resulted in a flawed residual functional capacity (RFC). [Dkt. 19, p. 5].

## Analysis

Plaintiff argues that the ALJ erred in failing to give greater weight to the expert medical opinion of Nurse Practitioner Gina Francisco, a treating medical source and primary care provider.  [Dkt. 19, p. 5].  On April 20, 2012 Ms. Francisco submitted a letter addressing Plaintiff's impairments and functional limitations.  [R. 472].  Ms. Francisco indicated Plaintiff suffered significant permanent limitations as a result of cardiac damage which limited him to 10 to 15 minutes of non-strenuous exertion with no lifting or straining. Plaintiff could only sit for 1 to 2 hours but needed move frequently for circulatory support and to prevent edema.  On August 27, 2012 Ms. Francisco completed a Medical Source Statement - Physical which stated Plaintiff could lift/carry less than five pounds frequently; stand/walk continuously for less than 15 minutes without a break; sit continuously without a break for one hour; sit 3 hours throughout an 8 hour work day with usual breaks; push/pull was limited because of "cardiovascular compromise with peripheral neuropathy." Plaintiff could never climb, but could occasionally stoop, kneel, crouch, and crawl.  Plaintiff

3

should avoid extreme heat, cold, and hazards. When Plaintiff experienced chest pain he should lie down one to two times during an 8 hour work day for ten to fifteen minutes. Ms. Francisco opined that Plaintiff was "disabled due to his respiratory and cardiovascular compromise and is an appropriate candidate for disability. I highly support his application." [R. 534-535].

Ms. Francisco's assessment of the Plaintiff's symptoms and impairments were more restrictive than what was supported by the record. As a health care professional and treating source, Plaintiff argues that the ALJ failed to properly weigh or reasonably evaluate the opinion of Ms. Francisco. Further, that the ALJ's reasons for rejecting Ms. Francisco's opinion were insufficient. [Dkt. 19, p. 5, 8]. The court does not agree.

The ALJ discussed his reasoning for discounting the opinions of Ms. Francisco:

> I have considered but given the objective evidence (EMG's, x-rays, pulmonary function studies and laboratory reports), as well as physical examinations, Ms. Francisco's opinion is not consistent. Ms. Francisco notes the claimant's respiratory problems along with cardiac problems as the disabling factor for the claimant. At the hearing, the claimant stated his cardiac problems have been much better and his main problem is his feet. Ms. Francisco basis' (sic), her opinion upon subjective complaints and some physical examinations; however, the diagnostic testing shows only minimal to mild problems, which are inconsistent with Ms. Francisco's opinion. . . . This report, however, has been considered with respect to severity and effect on function."

[R. 26]. The ALJ accurately summarized the evidence noting the objective evidence and physical examinations and found that the opinion was not supported by the whole of the evidence.

The ALJ accepted the findings and gave great weight to consultative examiner, Beau Jennings, D.O. [R. 27]. Dr. Jennings completed a Medical Source Statement - Physical

4

on August 12, 2014, [R. 695-700], opining Plaintiff could perform light exertional work with limitations of occasional balance, stoop, kneel, crouch, or crawl.  The ALJ noted that Dr. Jennings' opinion was consistent with the totality of the medical evidence and the physical examination and x-rays that were performed only showed minimal to mild degenerative changes.  Because Plaintiff complained of shortness of breath and was diagnosed with COPD, the ALJ included environmental limitations in the RFC assessment.  [R. 23, 27].

The determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect his ability to perform work related activities.  See *SSR* 96-5p, 1996 WL 374183, at *2, *5.  The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.  The court finds that the ALJ's evaluation of the medical opinions and RFC assessment was proper and is supported by substantial evidence.  Further, the court finds that the ALJ gave adequate reasons for rejecting Nurse Practitioner Francisco's opinion.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 26th day of July, 2017.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE